# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 13, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LUTHER L. SANGER,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0373**  (BOR Appeal No. 2046350)
(Claim No. 840040414)

**CONSOLIDATION COAL, MID-CONT BLUEFIELD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Luther L. Sanger, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Mid-Cont Bluefield, by Gary W. Nickerson, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2012, in which the Board affirmed an August 31, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 8, 2010, decision which denied Mr. Sanger's request for a consultation with Dr. Jane for an evaluation and possible surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sanger worked as a supply man for Consolidation Coal. On February 27, 1984, Mr. Sanger sustained a low back injury while unloading timbers at a coal mine. The claim was held compensable for a low back strain. On November 19, 1991, Mr. Sanger underwent an L3 and L4 hemilaminectomy and an L4-5 left foraminotomy as well as decompression of spinal stenosis. But on August 30, 2010, Dr. Kabbara requested authorization for a consultation with Dr. Jane. Dr. Kabbara's treatment notes from that period indicate that Mr. Sanger was experiencing pain in his low back radiating down his legs. X-rays taken at that time showed multilevel degenerative

1

spondylosis within Mr. Sanger's lumbar spine. Dr. Kabbara's request was reviewed by Dr. Fadel, who found that the requested consultation was in anticipation of a decompression spinal stenosis surgery at L4-5. But Dr. Fadel was not able to connect Mr. Sanger's current need for surgical intervention with his compensable injury. Dr. Fadel found that Mr. Sanger had multilevel degenerative spondylosis which pre-existed his compensable injury. Dr. Fadel also found that Mr. Sanger's current symptoms could be attributed to normal aging. On October 8, 2010, the claims administrator denied the requested consultation with Dr. Jane. On August 31, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on February 22, 2012, leading Mr. Sanger to appeal.

The Office of Judges concluded that a preponderance of the evidence did not support authorization for the requested surgery. The Office of Judges found that Mr. Sanger's need for the surgery was supported by the medical evidence in the record but that Mr. Sanger's need for the procedure was not related to his compensable injury. The Office of Judges found that Mr. Sanger's current symptoms were caused by multilevel degenerative disc disease and there was no evidence to connect this condition to his compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Sanger has not demonstrated that the requested consultation with Dr. Jane, in anticipation of surgical decompression of his spinal stenosis, is reasonably related or medically necessary to treat his compensable low back strain. Although the record shows that Mr. Sanger is experiencing continuing pain, there is no evidence that causally links his continuing symptoms with his compensable injury. The evidence in the record shows that the claimant's symptoms and the requested treatment are related to non-compensable multilevel degenerative disc disease.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 13, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum